**Eddie David COX, Appellant,**

v.

**Hon. Edward H. LEVI, Attorney General of the United States, U. S. Department of Justice, and Clarence M. Kelley, Director, Federal Bureau of Investigation, U. S. Department of Justice,[1] Appellees.**

No. 77–1213.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1979.

Decided ·Feb. 13, 1979.

Richard S. McConnell, Jr., of Padberg, McSweeney, Slater, Merz & Reid, St. Louis, Mo., for appellant; Eddie David Cox, pro se, on the brief.

Alice L. Mattice, Atty., Appellate Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for appellees; Barbara Allen

---

1. This action was brought against the Attorney General and Director of the FBI in their official capacities. As such, the action continues even though defendants Edward H. Levi and Clarence M. Kelley have been replaced as Attorney General and Director of the FBI, respectively.

Babcock, Asst. Atty. Gen., Washington, D. C., Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., and Leonard Schaitman and Michael Kimmel, Attys., Washington, D. C., on the brief.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

Eddie David Cox brought this action *pro se* against the Attorney General of the United States and the Director of the Federal Bureau of Investigation (collectively, the Government) to obtain disclosure of two FBI manuals under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976). The FBI voluntarily disclosed portions of one of the manuals upon Cox's administrative request. In two orders dealing with each manual separately, the district court[2] denied disclosure of the remaining portions of both manuals under FOIA exemptions (b)(1) and (b)(2), 5 U.S.C. §§ 552(b)(1), (b)(2) (1976). Cox appealed from both orders and filed a *pro se* brief. We appointed Mr. Richard S. McConnell, Jr., of the Missouri Bar to argue this appeal for Cox.[3] For the reasons stated below, we affirm the district court.

I. *Administrative and District Court Rulings.*

Cox, in a letter to the FBI, dated April 24, 1975, requested copies of the two manu- als in question, one labeled the "FBI Manual of Rules and Regulations" (one volume), and the other entitled "FBI Manual of Instructions" (four volumes).

Following extended administrative consideration and the issuance of guidelines for processing Cox's request by the Attorney General's office, the FBI voluntarily released to Cox portions of the four-volume Manual of Instructions. The FBI refused to disclose other portions, relying upon FOIA exemptions (b)(1), (b)(2), and (b)(7).[4] The FBI also refused to release the one-volume Manual of Rules and Regulations, which it deemed exempt under exemption (b)(2), as relating solely to the internal rules and practices of an agency.

The district court agreed with the Government that the entire Manual of Rules and Regulations is exempt from mandatory disclosure, stating:

Having received the Affidavit and Manual *in camera* and reviewed them *in camera,* the Court concludes that plaintiff [Cox] is not entitled to access to the FBI Manual of Rules and Regulations. With the exception of a few citations and brief discussions of federal statutes, which already are available to plaintiff in the United States Code, the entire Manual of Rules and Regulations sets forth internal personnel rules and practices of the FBI. Accordingly, the exemption provided in 5 U.S.C. § 552(b)(2) for documents or materials "related solely to the internal per-

---

**2.** The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

**3.** We are very appreciative of Mr. McConnell's assistance to the court. Cox himself is a federal prisoner incarcerated at a federal correctional facility at Marion, Illinois.

**4.** Those exemptions, contained in 5 U.S.C. § 552(b), read as follows:

(b) This section does not apply to matters that are—

(1)(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(2) related solely to the internal personnel rules and practices of an agency;

\* \* \* \* \* \*

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel[.]

sonnel rules and practices of an agency," applies uniformly to the entire Manual of Rules and Regulations. The agency therefore is justified in withholding from plaintiff the entire manual, and plaintiff's motion for injunctive relief with respect to the FBI Manual of Rules and Regulations is hereby denied.

As to the four-volume Manual of Instructions, the district court, after *in camera* examination of the withheld portions of the manual and explanatory affidavits submitted by the FBI, sustained the Government's assertion that designated portions of the withheld materials fall within FOIA exemption (b)(1) as matters "specifically [required] by Executive order to be kept secret in the interest of national defense or foreign policy."[5] The district court also determined that certain portions of the Manual of Instructions, designated in the Government's *in camera* submissions as "housekeeping" matters, fall within exemption (b)(2), as "purely internal," administrative rules having no effect on the public. Finally, the district court held that exemption (b)(2) also applied to certain other sections of this manual designated as relating to FBI "investigative techniques and procedures," the disclosure of which would impede the agency in its efforts to carry out its law enforcement responsibilities.

In net effect, the district court's rulings sustained the Government's withholding of all materials not voluntarily released to Cox upon his request.

## II. *Decision on Cox's Appeal.*

We considered issues similar to those raised in this case in another FOIA action brought by the appellant, Cox, against the Department of Justice and the Drug Enforcement Administration, *Cox v. United States Dept. of Justice*, 576 F.2d 1302 (8th Cir. 1978) (*Cox I*). In that case, Cox sought access to, among other things, the Drug Enforcement Administration Agents' Manual. The Government resisted disclosure, relying primarily upon exemptions (b)(2) and (b)(7). After examining the scope of the FOIA disclosure requirement as applied to the law enforcement agency's manual, we remanded the case to the district court for reconsideration because of the conclusory nature of the Government's affidavits.

In our discussion in *Cox I* of the Government's claims to the (b)(2) exemption, we held that (b)(2) "exempts only 'housekeeping' matters in which 'the public could not reasonably be expected to have an interest.'" *Cox v. Department of Justice, supra,* 576 F.2d at 1309–10. In so doing, we adopted the narrow interpretation of exemption (b)(2) contained in the Senate Report on the FOIA.[6] *Accord, Jordan v. Department of Justice,* No. 77–1240 (D.C.Cir., Oct. 31, 1978) (slip op. at 28–38) (*en banc*). *See Department of Air Force v. Rose,* 425 U.S. 352, 363–64, 369, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). *But see Caplan v. Bureau of Alcohol, Tobacco & Firearms,* 587 F.2d 544, at 547–549 (2d Cir., 1978) (distinguishing *Rose*).

We further determined in *Cox I* that exemption (b)(7) applies only to investigatory records that are compiled in the course of a specific investigation. *Cox v. Department of Justice, supra* at 1310.

Finally, we held in *Cox I* that Congress did not intend to require public disclosure under the FOIA of law enforcement infor-

---

5. The district court took judicial notice of Executive Order 11652 relating to classification of national security information and determined that such order justified the Government's reliance upon the (b)(1) exemption in withholding the designated sections of the Manual of Instructions.

6. The Senate Report stated:

Exemption No. 2 relates only to the internal personnel rules and practices of an agency. Examples of these may be rules as to personnel's use of parking facilities or regula-

tion of lunch hours, statements of policy as to sick leave, and the like. [S.Rep.No.813, 89th Cong., 2d Sess. 8 (1965).]

The House Report, which we implicitly rejected in *Cox I, supra,* 576 F.2d at 1309 n. 12, would have exempted under (b)(2) "[o]perating rules, guidelines, and manuals of procedure for Government investigators or examiners * * *." H.R.Rep.No.1497, 89th Cong., 2d Sess. 10 (1966), U.S.Code Cong. & Admin.News 1966, pp. 2418, 2427.

 

mation which would "impede law enforcement efforts." *Cox v. Department of Justice, supra* at 1309. The FOIA legislative history, distinguishing "administrative matters" from "law enforcement" matters in the context of staff manuals, indicates that such an exception to the general FOIA disclosure requirement is implied in the language of subsection (a)(2)(C). That subsection refers only to "administrative" staff manuals as materials which must be made available to the public.[7] *Cox v. Department of Justice, supra,* at 1306–08.

We have examined the record in this case, including the FBI affidavits articulating the Government's reasons for declining to disclose the withheld materials and, *in camera,* the manuals themselves. Based upon our examination of the record and our decision in *Cox I,* we hold that the district court's rulings should be affirmed for reasons summarized as follows:

1) The entire FBI Manual of Rules and Regulations set forth internal personnel rules and practices of the FBI. Accordingly, the district court properly denied disclosure of that manual to Cox under exemption (b)(2), 5 U.S.C. § 552(b)(2).

2) The record shows that the agency properly refused to disclose certain described materials which would affect national security. The district court properly denied Cox access to those materials.[8]

3) Our review of the excised portions of the Manual of Instructions indicates that those sections designated as "housekeeping" matters exempt under FOIA subsection (b)(2) are accurately characterized and were properly withheld under the exemption.

7. 5 U.S.C. § 552(a)(2) provides in part:
   (2) Each agency, in accordance with published rules, shall make available for public inspection and copying—
   *   *   *   *   *   *
   (C) administrative staff manuals and instructions to staff that affect a member of the public[.]

8. In his *pro se* brief, Cox challenged any denial of access to the two manuals. However, Cox's appointed counsel, after examining the Government's affidavits, conceded at oral argument that those affidavits supported denying disclosure of the Manual of Rules and Regulations under exemption (b)(2). Cox's counsel also

4) The district court properly found that other portions of the Manual of Instructions which the Government sought to withhold under exemption (b)(2) constituted "law enforcement" matters, disclosure of which would impede law enforcement efforts. As we held in *Cox I, supra,* such materials are not part of "administrative staff manuals" under § 552(a)(2)(C) and need not be disclosed by a government law enforcement agency.[9]

Accordingly, we affirm the orders of the district court.

conceded at the argument that the affidavits supported the Government's withholding portions of the Manual of Instructions under exemption (b)(1).

9. The Government indicates that, despite our restrictive reading of exemptions (b)(2) and (b)(7) and our interpretation of subsection (a)(2)(C) in *Cox I,* it will continue to rely upon exemptions (b)(2) and (b)(7) in refusing to disclose "law enforcement" portions of staff manuals and will defend FOIA lawsuits for access to such materials on the basis of those exemptions.