419 F.Supp. 750 (1976)
Carl E. OTT, Plaintiff,
v.
Edward H. LEVI, Defendant.
No. 75-440C(1).
United States District Court, E. D. Missouri, E. D.
May 10, 1976.
*751 Carl C. Ott, pro se.
Jean C. Hamilton, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This action is before the Court on defendant's motion to dismiss or for summary judgment and several motions of plaintiff. For the reasons stated below, defendant's motion for summary judgment will be granted.
Between June 14 and November 18, 1954, five fires were allegedly set at the Fort Roots Veterans Administration Hospital, North Little Rock, Arkansas, a mental hospital that housed approximately two thousand patients at that time. Because circumstances indicated the fires had been deliberately set, an investigation was undertaken by the Federal Bureau of Investigation.
By letter dated February 19, 1975, plaintiff requested of the Agent in Charge of the Little Rock, Arkansas office of the FBI documents concerning the agency's investigation into the fires at the hospital. The FBI, by a letter dated March 21, 1975, denied plaintiff access to the records which he sought. Plaintiff appealed to the Attorney General, who in a letter dated April 22, 1975, affirmed the FBI's action with the exception of eight pages in the investigative file which contained reports of interviews with plaintiff.
By another letter dated February 19, 1975, plaintiff requested of the U. S. Attorney in Little Rock, Arkansas, a copy of an alleged U. S. Attorney's report on the fires which accused one or more mentally incompetent patients at the hospital as being responsible for the fires. After extensive correspondence with various officials, plaintiff was informed by the Office of the Attorney General in a letter dated April 18, 1975, that no such report existed.
Plaintiff has filed this pro se action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), to compel the Department of Justice to produce the undisclosed FBI reports and the alleged U. S. Attorney's report. Plaintiff, who was employed as a librarian at the hospital at the time of the fires, alleges in his complaint and in the supporting documents that former Federal Bureau of Investigation Director John Edgar Hoover acted to obstruct justice in behalf of a homosexual friend by diverting the investigation of the fires from his friend to an innocent patient who was caused to be transferred from the hospital's open ward to the maximum security ward where he was "imprisoned" for fifteen years.
Defendant Attorney General Edward Levi has moved to dismiss the complaint on the grounds that the Department of Justice and not the Attorney General is the proper party to be sued under the Act, which gives district courts jurisdiction ". . . to enjoin the agency from withholding agency records." 5 U.S.C. § 552(a)(4)(B). In view of the pro se nature of the complaint, which must be held ". . . to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and of the fact that the Department of Justice has been on notice of the action and fully defended it, *752 defendant's motion will be denied and plaintiff's complaint will be considered amended to name the proper party defendant.
Defendant alternatively has moved for summary judgment, asserting that there is no genuine issue of any material fact and that judgment should be entered for him as a matter of law. Defendant has submitted three affidavits in support of his motion, by Bruce E. Titus, a trial attorney in the Freedom of Information and Privacy Unit, Civil Division, United States Department of Justice; Thomas L. Wiseman, a Special Agent of the Federal Bureau of Investigation responsible for the supervision and processing of Freedom of Information Act requests; and Leslie H. Rowe, Special Assistant to the Director, Executive Office for United States Attorneys, responsible for processing of requests for access to official records.
According to the affidavit of Special Agent Wiseman, the FBI reports which plaintiff seeks consist of two types of documents: (1) investigative reports containing interviews with patients of the hospital, members of the hospital staff, and others; and (2) laboratory reports. The Wiseman affidavit presents a detailed indexing of the documents sought and the reasons for their withholding, summarized as follows.
The laboratory reports were withheld pursuant to section 552(b)(7)(E), which exempts from disclosure records compiled for law enforcement purposes which would reveal investigative techniques and procedures. Mr. Wiseman states that the laboratory reports disclose techniques used in arson investigation, not commonly known, which could place potential arsonists on notice of the law enforcement capability in this area and assist them in avoiding detection.
Reports on interviews with witnesses and potential witnesses (hospital staff and patients, guards and others) were withheld pursuant to section 552(b)(7)(D), which exempts from disclosure records compiled for law enforcement purposes which would reveal the identity of a confidential source and confidential information furnished in the course of a criminal investigation only by the confidential source. These reports were also withheld pursuant to section 552(b)(7)(C), which exempts from disclosure records compiled for law enforcement purposes which would constitute an unwarranted invasion of personal privacy.
The eight pages of documents released to plaintiff also contained certain deletions: the names of special agents and third parties who provided information to the FBI, pursuant to section 552(b)(7)(C) and (D); and FBI file numbers and administrative markings, such as file numbers and characters, references to prior communications, and certain instructions from FBI Headquarters to FBI Field Offices and from one Field Office to another, pursuant to section 552(b)(2), which exempts from disclosure matters that are related solely to the internal personnel rules and practices of the agency.
The Court finds that the FBI documents sought by plaintiff and not released to him, including deletions on the eight pages released, are part of the investigatory files of the Federal Bureau of Investigation, and as such are exempt from disclosure under 5 U.S.C. § 552(b)(7). The administrative markings are exempt under § 552(b)(2).
The affidavits of Bruce Titus and Leslie H. Rowe state that, after a thorough investigation, the Department of Justice has been unable to locate any U. S. Attorney's report on the fires; that it is extremely unlikely that such a report ever existed; and that, if it ever did exist, it is extremely unlikely that it is still in existence. Defendant has also submitted a certificate by Donald W. Tripp, Director of the Fort Worth Federal Archives and Records Center, that a search for the report has been made and that no such document was found. Although plaintiff asserts in his response to the motion for summary judgment that a factual issue remains as to the existence of the U. S. Attorney's report, the Court finds no support whatsoever in the record for such an assertion. Since it is clear that an agency cannot be compelled to *753 produce a nonexistent document, defendant's motion for summary judgment also will be granted as to this portion of plaintiff's claim.
Plaintiff's motions for sanctions against various Department of Justice officials, pursuant to 5 U.S.C. § 552(a)(4)(F), for arbitrary withholding of documents and for an in camera inspection of the FBI documents, along with plaintiff's other motions relating to discovery matters, will be denied.