GARY ENERGY CORPORATION, a
Colorado Corporation, Plaintiff,

v.

UNITED STATES DEPARTMENT OF ENERGY, James Edwards, Individually and as Secretary, Department of Energy, Kenneth E. Merica, Individually and as District Manager, Rocky Mountain District, Economic Regulatory Administration, Department of Energy, George B. Breznay, Acting Director, Office of Hearings and Appeals, Department of Energy, Defendants.

Civ. A. No. 81–K–127.

United States District Court,
D. Colorado.

April 17, 1981.

Paul F. Hultin, Barbara M. Jacobi, Sisk, Foley, Hultin & Driver, Denver, Colo., for plaintiff.

Nancy E. Rice, Asst U. S. Atty., Denver, Colo., for defendants.

ORDER

KANE, District Judge.

This opinion is written because there is a clear conflict in the cases on a specific point of law. Gary Energy Corporation brought this Freedom of Information Act suit against the Department of Energy and certain individuals responsible for the partial denial of Gary's FOIA request filed on June 25, 1980. The defendants have moved to dismiss the individual defendants as improper parties pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(2). The defendants also

---

move to dismiss the individual defendants on the grounds that personal service of process was not effected as required by Rule 4(d)(1).

Jurisdiction for injunctive relief obtains pursuant to 5 U.S.C. § 552(a)(4)(B), which provides that a district court may "enjoin any agency from withholding agency records and ... order the production of any agency records improperly withheld ...." "Agency" is defined by 5 U.S.C. §§ 551(1) and 552(e). Section 552(e) states:

> For purposes of this section, the term "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

The definition clearly excludes individual officers and employees.

Nonetheless, Gary argues that the named individuals are sued in their official capacities as custodians of the requested documents and are named precisely because they are the individuals responsible for the administration of the FOIA within the Department of Energy. Specifically, Gary alleges defendant Edwards, as Secretary of the Department of Energy, has the right of final denial of Gary's FOIA request; defendant Merica, as District Manager of the Economic Regulatory Administration, has the authority to grant or deny requests and on July 31, 1980, denied Gary's request; and defendant George B. Breznay, as Acting Director of the Office of Hearings and Appeals, has the responsibility for reviewing denials of requests and on October 6, 1980, denied in part Gary's appeal from defendant Merica's July 31 denial.

Gary's arguments have merit. In *Hamlin v. Kelley*, 433 F.Supp. 180 (N.D.Ill.1977), the court denied a motion to dismiss individual defendants in an FOIA suit because they were the "custodians of the requested documents," "the individuals most responsible for the policy and decisions of the Depart-

ment," and "the final authorities of the administration of the FOIA within those departments." *Id.* at 181. Courts have followed the *Hamlin* ruling that agency heads responsible for information disclosure may be sued in FOIA actions. *See, e. g., Miller v. Webster*, 483 F.Supp. 883, 886 (N.D.Ill. 1979); *Pacheco v. Federal Bureau of Investigation*, 456 F.Supp. 1024, 1027–28 (D.P.R. 1978). *Cf. Skolnick v. Campbell*, 454 F.2d 531, 533 n.1 (7th Cir. 1971) (Court of Appeals Chief Judge and Attorney General not proper parties because they are not the responsible parties regarding information disclosure in suit against federal commission.) In addition to the responsibility factor, the court in *Hamlin* recognized that the propriety of suing agency heads was well established in FOIA suits. *Hamlin v. Kelley*, 433 F.Supp. at 181. *See, e. g., DiVialo v. Kelley*, 571 F.2d 538 (10th Cir. 1978).

Gary argues that another ground for permitting FOIA suits against agency heads is that section 552(a)(4)(G) of the Act empowers district courts to hold responsible employees in contempt for noncompliance with disclosure orders. At least one court has expressed agreement with this interpretation. *See American Airlines, Inc. v. National Mediation Board*, 453 F.Supp. 430, 435 n.4 (S.D.N.Y.), *rev'd on other grounds*, 588 F.2d 863 (2d Cir. 1978).

Defendants' position that individual agency officers are not proper parties because they are not "agencies" within the grant of jurisdictional authority is also supported by case law. *See, e. g., Ott v. Levi*, 419 F.Supp. 750 (E.D.Mo.1976), *Burke v. Kelley*, Civ. No. 75–337–C3 (D.Kan., February 11, 1976). In a detailed discussion of the issue and the history of conflicting authority, the district court in *Providence Journal Co. v. Federal Bureau of Investigation*, 460 F.Supp. 778 (D.R.I.1978), *rev'd on other grounds*, 602 F.2d 1010 (1st Cir.), *cert. denied*, 444 U.S. 1071, 100 S.Ct. 1015, 62 L.Ed.2d 752 (1979), noted that while "[i]t may be doubted whether the statutory language [of the FOIA] establishes the Department as the sole and exclusive properly named defendant," individual defendants

should be dismissed where the injunctive relief to be afforded in FOIA cases does not depend on their presence and the department in question already has been named. *Id.* at 782 n.2.[1]

Because injunctive relief is obtainable against the agency alone in FOIA actions I agree with the recent trend of district court decisions which have ruled that FOIA suits may be brought only against the agency and not against individuals or the government itself. *See, e. g., Canadian Javelin, Ltd. v. Securities and Exchange Comm'n,* 501 F.Supp. 898, 904 (D.C.D.C.1980), *Weberman v. National Security Agency,* 490 F.Supp. 9, 10 (S.D.N.Y.1980). Further, in a related Privacy Act case, the Tenth Circuit Court of Appeals stated that individuals are not proper parties in an action under 5 U.S.C. § 552a(g)(1) which, like section 552(a)(4)(B), authorizes suit against an agency only. *Parks v. United States Internal Revenue Service,* 618 F.2d 677, 684 (10th Cir. 1980). *Accord Gonzalez v. Leonard,* 497 F.Supp. 1058, 1075–1076 (D.Conn.1980). The Privacy Act provision defining "agency," 5 U.S.C. § 552a(a)(1), incorporates by reference the section 552(e) definition of "agency" under the FOIA. The court's reasoning applies to this case and is dispositive of the issue.[2] Therefore, it is

ORDERED that the defendants' motion to dismiss is granted, and it is further

ORDERED that the individual defendants Edwards, Merica, and Breznay are dismissed from this action.

---

1. Of course an entire civil action should not be dismissed where an agency head rather than the agency has been named. *See Ott v. Levi,* 419 F.Supp. at 751. In such a case the department is on notice of the suit and the better action is to consider the complaint amended to name the department as the proper party. *Id.* Otherwise, Congress' intent to facilitate suits by the public against the government to obtain disclosure of information would be frustrated by the imposition of unnecessary procedural formalities. *See Providence Journal Co. v. Fed-* *eral Bureau of Investigation,* 460 F.Supp. at 782 n.2.

2. Because the individual defendants are dismissed from the action the defendants' motion regarding personal service of process is moot. However, I note that upon Gary's representation failure to effect personal service was inadvertent and was subsequently corrected in accordance with the requirements of Fed.R.Civ.P. 4(d)(1).