The READER'S DIGEST ASSOCIATION, INC., Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, William Webster, Director, Federal Bureau of Investigation, Central Intelligence Agency, William J. Casey, Director, Central Intelligence Agency, Department of Justice, and William French Smith, Attorney General of the United States, Defendants.

No. 79 Civ. 4812(RJW).

United States District Court, S. D. New York.

Oct. 19, 1981.

Warshavsky, Hoffman & Cohen, New York City, for plaintiff; David Otis Fuller, Jr., Ava K. Doppelt, New York City, of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendants; Janis P. Farrell, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

This action arises under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552. Plaintiff is The Reader's Digest Association, Inc. ("Reader's Digest"). The complaint seeks an order compelling defendants to produce certain documents requested by Reader's Digest under the FOIA. Defendants move, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment. For the reasons hereinafter stated, defendants' motion is granted in part and denied in part.

### Background

In separate letters dated July 9, 1979, Reader's Digest requested, pursuant to the FOIA, that the Federal Bureau of Investigation ("the FBI") and the Central Intelligence Agency ("the CIA") produce all documents in their possession relating to Dr. Nicholas George Shadrin ("the Shadrin documents"). Dr. Shadrin defected to the United States from the Soviet Union in 1959 and ultimately became a United States citizen. While in Vienna, Austria, in 1975, Dr. Shadrin disappeared and has not been publicly seen or heard from since.

Reader's Digest, which sought the requested documents with a view toward publishing a magazine article and later a book on Dr. Shadrin's case, did not receive any of the Shadrin documents from either the CIA or the FBI within the ten-day period set forth by 5 U.S.C. § 552(a)(6)(A)(i). It treated this failure as a denial of its requests by the agencies in question, and accordingly proceeded to appeal the denials to the heads of these agencies. On August 22, 1979, the Department of Justice denied Reader's Digest's appeal of the FBI's refusal. No substantive response to Reader's Digest's appeal of the CIA's refusal was provided within the twenty-day period allowed by 5 U.S.C. § 552(a)(6)(A)(ii), meaning that Reader's Digest was entitled to treat this appeal as having been denied as well.

Having thereby exhausted its administrative remedies, Reader's Digest commenced this action by filing a complaint in this Court on September 11, 1979, which named as defendants the FBI, the CIA, the directors of those two agencies, the Department of Justice, and the Attorney General of the United States. The complaint alleges that these defendants' refusal to produce any of the Shadrin documents was unlawful under the FOIA. It seeks an order requiring defendants to compile a detailed affidavit itemizing the Shadrin documents and justifying their position that the Shadrin documents are exempt from production under the FOIA. The complaint further seeks an order compelling defendants to produce those of the Shadrin documents that cannot justifiably be withheld under the FOIA.

In a notice of motion filed on October 30, 1979, defendants moved for an indefinite stay of proceedings in this action to enable them to conduct a full review of the Shadrin documents and determine which, if any, could be produced under the FOIA. This motion was denied on November 8, 1979. The Court thereafter signed an order de-

signed to facilitate defendants' expeditious review of the Shadrin documents.

The Shadrin documents are quite numerous. Between January 1980 and May 1980, the CIA produced certain of the Shadrin documents precisely as they appear in the files of that agency. However, the remaining Shadrin documents were either withheld entirely by defendants or released only in a redacted form that left many of the documents incomprehensible. The dispute between the parties has thus boiled down to whether any of the Shadrin documents that were redacted must be produced in a less redacted form, and whether any of the Shadrin documents that were withheld entirely must be produced at all, either in their entirety or with some redactions.

### Discussion

■ As regards three of the six named defendants, summary judgment must be awarded in their favor for the simple reason that the very terms of the FOIA demonstrate that the FOIA cannot possibly impose any production obligation on them with respect to the Shadrin documents. The FOIA authorizes suits against federal agencies, not against individuals. *Gary Energy Corp. v. Department of Energy*, 89 F.R.D. 675, 677 (D.Colo.1981); *Canadian Javelin, Ltd. v. Securities and Exchange Commission*, 501 F.Supp. 898, 904 (D.D.C. 1980); *Weberman v. National Security Agency*, 490 F.Supp. 9, 10 (S.D.N.Y.), *remanded on other grounds mem.*, 646 F.2d 563 (2d Cir. 1980); *Morpurgo v. Board of Higher Education*, 423 F.Supp. 704, 714 n.26 (S.D.N.Y.1976). Thus, the three individuals named as defendants are entitled to summary judgment. This leaves only the CIA, the FBI, and the Department of Justice as defendants in this action. Plainly, the question whether the Department of Justice, which is named as a defendant only because of its role in denying Reader's Digest's appeal from the FBI's initial refusal to produce any Shadrin documents, is entitled to summary judgment depends entirely on whether the FBI is entitled to summary judgment. The substantial question with

which the Court must deal, then, is whether either the CIA or the FBI is entitled to summary judgment with respect to the documents either withheld or redacted by these two agencies.

The CIA and the FBI contend that the FOIA does not require any further production of the Shadrin documents. In support of this contention, the CIA and the FBI have submitted several affidavits to the Court. These affidavits describe the Shadrin documents that have been either withheld or redacted and explain these agencies' justification for their position that these documents need not be more fully produced. Some of the affidavits were filed with the Court and made available to Reader's Digest. However, other affidavits were submitted to the Court for *in camera* review, and have not been filed or made available to Reader's Digest. This procedure was adopted, with Reader's Digest's consent, because the CIA and the FBI took the position that the Shadrin documents in question were so sensitive that public dissemination of not only the documents themselves, but even an affidavit describing them, would endanger the national security of the United States. The instant motion for summary judgment relies on both the public and the *in camera* affidavits to support these agencies' contention that further disclosure of the Shadrin documents is not required under the FOIA, meaning that Reader's Digest has obtained all the relief to which it is entitled and that the CIA and the FBI are entitled to summary judgment.

The FOIA's general requirement that each government agency shall make its records available for public inspection does not apply to records that deal with certain matters listed in 5 U.S.C. § 552(b). The CIA and the FBI rely on a variety of the "exemptions" set forth in this subsection to justify their refusal to make any further disclosure of the Shadrin documents. The Court's review of these agencies' FOIA exemption claims is guided by several general principles. The FOIA directs the trial court to conduct a *de novo* review of an agency's nondisclosure decision, and imposes an affirmative burden on the agency to justify

that decision. 5 U.S.C. § 552(a)(4)(B). Here, the CIA and the FBI place their principal reliance on the exemptions set forth in 5 U.S.C. § 552(b)(1) ("Exemption 1") and 5 U.S.C. § 552(b)(3) ("Exemption 3"). The legislative history of the FOIA makes it plain that Congress intended for a court, when confronted with an Exemption 1 case, to accord substantial weight to an agency's classification decision in making its review. S.Conf.Rep.No.1200, 93d Cong., 2d Sess. 12 (1974), reprinted in [1974] U.S. Code Cong. & Ad.News 6267, 6285, 6290. The courts have consistently followed this admonition in Exemption 1 cases, Halperin v. Central Intelligence Agency, 629 F.2d 144, 147–48 (D.C.Cir.1980); Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C.Cir.1978), cert. denied, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); see, e. g., LaRouche v. Kelley, 522 F.Supp. 425, 432–33 (S.D.N.Y.1981), and have extended this rule to Exemption 3 cases. See, e. g., Founding Church of Scientology v. National Security Agency, 610 F.2d 824, 830 n.54 (D.C.Cir.1979); Navasky v. Central Intelligence Agency, 499 F.Supp. 269, 273 (S.D.N.Y.1980). Generally, FOIA exemptions are to be construed narrowly, "in such a way as to provide the maximum access consonant with the overall purpose of the Act." Vaughn v. Rosen, 484 F.2d 820, 823 (D.C. Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

■ Having these principles in mind, the Court turns to the question at hand, namely, whether the exemptions set forth in the FOIA provide a basis for the defendant agencies' redaction or nondisclosure of the bulk of the Shadrin documents. As noted, the CIA and the FBI have submitted affidavits to the Court in support of their claim that each of the Shadrin documents in question, to the extent it has been withheld, enjoys protection from FOIA production. It is settled law that an agency may satisfy its burden of justifying nondisclosure by submission of such affidavits, as long as the affidavits describe with reasonable specificity the nature of the documents at issue and explain, in a nonconclusory, logical fashion, the justification for their nondisclosure.

Lesar v. Department of Justice, 636 F.2d 472, 481 (D.C.Cir.1980); Vaughn v. Rosen, supra, 484 F.2d at 826–28; accord, Lead Industries Association v. Occupational Safety and Health Administration, 610 F.2d 70, 88 (2d Cir. 1979). If the affidavits submitted by the agency fail to satisfy this standard, in camera review of the documents themselves is necessary to determine whether the agency's nondisclosure is justified. See, e. g., Lamont v. Department of Justice, 475 F.Supp. 761, 772 (S.D.N.Y.1979). On the other hand, if the affidavits contain information of reasonable detail, sufficient to place the documents within the exemption category, and if the information is not challenged by contrary evidence in the record or evidence of agency bad faith, then summary judgment in favor of the defendant agency is appropriate without an in camera review of the withheld documents. Brown v. Federal Bureau of Investigation, 658 F.2d 71, 74–75 (2d Cir. 1981); Hayden v. National Security Agency, 608 F.2d 1381, 1386–87 (D.C.Cir.1979), cert. denied, 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980).

■ Here, as noted, the CIA and the FBI both submitted justificatory affidavits that the Court reviewed in camera. The in camera affidavits, in contrast to other justificatory affidavits that the agencies made public, do not provide a document-by-document justification for the agencies' claim that each of the documents covered by these affidavits is exempt from FOIA disclosure. Instead, each of the in camera affidavits contains a detailed description of the "story" told by the documents reviewed in that affidavit, and then attempts to explain how disclosure of any of the documents covered by the affidavit would threaten to disclose the whole "story," thereby revealing information exempt from FOIA production.

Reader's Digest contends that the Court may not grant summary judgment on the basis of affidavits that do not contain a document-by-document review of the relevant material. The Court does not endorse Reader's Digest's proposition that, as a mat-

ter of law, summary judgment may never be granted in an FOIA case on the basis of agency affidavits that do not review the documents in question individually. However, for the reasons set forth *infra*, the Court declines in this case to rely on those affidavits that do not contain a document-by-document review of the material that the FBI and the CIA seek to withhold from FOIA production.

The rule that the courts may review agency FOIA decisions on the basis of agency affidavits rather than a consideration of the documents themselves stems from the principle that a court is to accord substantial weight to an agency's classification decision in making its review. Plainly, the willingness of a court to rely on an agency affidavit in a given case is a function of the court's confidence that the affidavit has been properly prepared by the agency in question. Further, the extent to which a court is required, in making its review, to rely on the agency's competence in preparing the affidavit is markedly increased where the affidavit does not individually review the documents in question. In certain cases, then, a court may be able to grant summary judgment on the basis of affidavits that contain a document-by-document review, but unable to make such a decision where the affidavits summarize the relevant documents but do not review them individually.

Certain events that have occurred during the course of this action have so diminished the Court's confidence in the ability of the FBI and the CIA to prepare proper affidavits that the Court is unwilling to rely on affidavits that do not individually review

the documents in question. In the course of its consideration of the summary judgment motion that is the subject of today's decision, the Court noted that the papers before it did not enumerate exactly how many Shadrin documents each defendant agency has in its possession, and also failed to disclose how many Shadrin documents had been released in their entirety, how many had been released in a redacted form, and how many had been withheld entirely. The Court requested that defendants provide such information. Counsel for defendants stated, in a letter to the Court, that the numerical breakdown of the Shadrin documents is as follows:

| | FBI | CIA |
|---|---|---|
| Documents in agency's file | 750 | 3,472 |
| Documents released in their entirety | 0 | 660 |
| Documents released in redacted form | 230 | 195 |
| Documents withheld in their entirety | 520 | 2,617 |

However, it required only a cursory review of the affidavits for the Court to determine that counsel for defendants had grossly overstated the number of documents that had been released in redacted form by the CIA. The Court requested that defendants correct this error. The CIA then filed an affidavit that stated that 124 documents previously designated as having been released in redacted form had in fact been withheld in their entirety, meaning that only seventy-one documents had been released in redacted form by the CIA. The Court, which had been able to identify only sixty-one such documents,* immediately no-

---

* All together, the CIA submitted four affidavits that discuss documents released in a redacted form. The affidavit of Gerald Liebenau (filed May 19, 1980) purports to justify redactions made in fifty of the Shadrin documents; the affidavit of William R. Kotapish (filed May 19, 1980) deals with nine redacted documents; and the affidavit of Warren E. Priestley (filed September 15, 1981) deals with two such documents. This makes a total of sixty-one Shadrin documents that the CIA released in redacted form. The fourth affidavit (filed May 19, 1980) is that of John R. Brock, General Counsel of the ˙ense Intelligence Agency ("the DIA"). This affidavit discusses seventeen documents that the DIA reviewed at the CIA's request, and gives the DIA's view as to which of these seventeen documents are exempt from FOIA production. The CIA ultimately determined to release eleven of these seventeen documents in a redacted form and to withhold the other six entirely. Since the eleven released documents are discussed in the Liebenau affidavit as well as the Brock affidavit, the Brock affidavit does not change the Court's calculation, on the basis of the other three affidavits, that just sixty-one Shadrin documents were released by the CIA in redacted form.

tified counsel for defendants that a discrepancy continued to exist in counsel's breakdown of the Shadrin documents and requested that the matter be clarified. Although a month has passed since that time, no clarification has been proffered.

In light of the defendant agencies' inability even to ascertain how many documents are at issue here, the Court has serious doubts about the competence of the FBI and the CIA to prepare affidavits that accurately summarize the substance of the documents, and accordingly is unwilling to grant summary judgment on the basis of affidavits that do not review the documents individually. The Court is aware that certain of the affidavits submitted by the FBI and the CIA do contain such a document-by-document review, and believes that the FBI and the CIA may well be entitled to summary judgment with respect to some of the documents reviewed in those affidavits. However, the Court prefers not to bifurcate its consideration of the sufficiency of these agencies' document-by-document justification of their decisions with respect to the material at issue. Accordingly, defendants' motion is denied in its entirety with respect to the FBI and the CIA, without prejudice to these agencies' renewal of their motion subsequent to their submission of affidavits that individually review each of the Shadrin documents in question. Such affidavits would enable the Court to make its own determination of the numerical breakdown of the Shadrin documents, and would give the Court a greater independent basis for determining whether the defendant agencies acted properly in withholding or redacting certain of the Shadrin documents. Given the Court's decision with respect to the FBI, it follows, for the reasons discussed *supra*, that defendants' motion is also denied with respect to the Department of Justice.

### Conclusion

Defendants' motion for summary judgment, pursuant to Rule 56, Fed.R.Civ.P., is granted in part and denied in part. Summary judgment is hereby granted in favor of the individual named defendants, and the complaint is dismissed as to these persons. Plaintiff and the three agencies that remain as defendants in this action are to confer regarding the future course of this litigation and are to report their views on this subject in a letter to the Court. This letter is to be submitted not later than thirty (30) days after the date of this decision.

It is so ordered.