Gerald SAVOIE

v.

**INTERNAL REVENUE SERVICE,
Jack Chivatero.**

Civ. A. No. 81–0880.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Aug. 4, 1982.

---

Gerald Savoie, in pro. per.

Joseph S. Cage, Jr., U. S. Atty., John R. Halliburton, Asst. U. S. Atty., Shreveport, La., Edward J. Snyder, J. Brian Ferrel and Richard L. Switzer, U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendants.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

VERON, District Judge.

This action stems from a Freedom of Information Act (hereinafter FOIA) request which was propounded by the plaintiff to the New Orleans District Office of the Internal Revenue Service (hereinafter IRS) on June 2, 1980. The specific items requested are as follows:

(1) a copy of IRM 9383.6 and Manual Supplement 9G–93 dated January 10, 1979, as well as copies of all materials pertaining to surveillance conducted pursuant to these manuals in the area comprising the New Orleans District; (2) copies of all quarterly reports entitled "Quarterly Review of Surveillance Activity" and any attached memoranda, which is allegedly submitted quarterly by the New Orleans office to a national IRS office; (3) copies of all records, files and papers in the New Orleans District pertaining to the IRS Tax Protest Project or Tax Protest Program and the Tax Protest Coordinator; (4) copies of all documents, records, memoranda and newspaper clippings in the New Orleans District pertaining to the FBI's COINTELPRO Project and the Special Services Staff of the IRS; and (5) copies of all records, memoranda and newspaper clippings pertaining to the following groups, activities or publications, to-wit: (a) Americans for Constitutional Taxation; (b) Tax Strike News or The Justice Times; (c) Liberty Lobby and The Spotlight; (d) The TRIM Committee and the John Birch Society; (e) the Tax Rebellion Committee and the U. S. Taxpayers Union; (f) The Young Americans for Freedom; (g) The Tax Protest Day Demonstration Committee; (h) The Libertarian Party; (i) any other group classified by the IRS as a "tax protest group;" and (j) The Louisiana Caucus Club.

The New Orleans office responded to plaintiff's request by furnishing Mr. Savoie with copies of the Internal Revenue Manual Section 9383.6 and MS9G–93 dealing with tax protesters and surveillance, and informing him that the District office had no documents pertaining to FBI COINTELPRO, IRS Special Services Staff or quarterly reviews of surveillance activity in the New Orleans area. Information on specific taxpayers or tax protester groups was denied plaintiff under FOIA Exemption (3) in conjunction with 26 U.S.C. § 6103. Records pertaining to the IRS Tax Protest Program or Illegal Tax Protest Coordinator were denied plaintiff under FOIA (5 U.S.C. § 552) Exemptions 5, 7(A), 7(C), 7(E), and 7(F).

On May 22, 1981, plaintiff filed this suit seeking to compel disclosure of *all* the aforementioned information. However, since the IRS has voluntarily supplied some of the information, the court views this suit as one seeking disclosure of (1) all records, files and papers pertaining to the IRS Tax Protest Project or Tax Protest Program and the Tax Protest Coordinator, and (2) all records, memoranda and newspaper clippings pertaining to the nine groups, activities and publications listed as an attachment to plaintiff's complaint.

On July 15, 1981, the IRS filed an answer in this matter in which it alleged that (1) the court lacks personal jurisdiction over Jack Chivatero individually pursuant to 5 U.S.C. § 552(a)(4)(B); (2) the requested documents contain tax "return information" and thus are exempt from disclosure under the Internal Revenue Code (IRC) 26 U.S.C. § 6103; and (3) the documents are exempt from disclosure pursuant to the FOIA, 5 U.S.C. § 552.

Thereafter, on August 14, 1981, the IRS released 187 pages of documents responsive to plaintiff's request. Although 292 other pages were withheld, the IRS filed a Vaughn Index detailing the contents of those pages, into the record.

The matter is presently before the court on defendant's motion for summary judgment. In support of its motion, the defendant relies on the affidavit of Mr. William S. Garofalo, an attorney with the Office of Chief Counsel of the IRS; the Vaughn Index of withheld documents supplied to the plaintiff on August 14, 1981; and certain documents submitted to the court for in camera inspection as representative samples of those documents withheld pursuant to 26 U.S.C. § 6103 and/or Exemption (3) of the FOIA.

The issues to be resolved by the court are (1) whether the 292 pages withheld by the IRS are exempt from disclosure and (2) whether the plaintiff is entitled to any documents pertaining to the nine specific taxpayer groups, activities and publications listed as an attachment to plaintiff's complaint.

Having reviewed the memoranda, affidavits, Vaughn Index and the documents submitted by the defendants for in camera inspection, the court finds that there is no genuine issue as to any material fact and the matter can be appropriately resolved on defendants' motion for summary judgment.

## I. DISCLOSURE UNDER THE INTERNAL REVENUE CODE

Defendants contend that all or portions of the 63 indexed documents and any documents pertaining to the nine groups specified in plaintiff's request are "tax return" information thus exempt from disclosure pursuant to § 6103(a) of the Internal Revenue Code, 26 U.S.C. § 6103(a). This contention is premised on the theory that access to tax materials is governed solely by the dictates of the Internal Revenue Code and therefore not subject to requests under the FOIA. To support this contention, defendants cite *Zale Corporation v. Internal Revenue Service*, 481 F.Supp. 486 (D.D.C.1979)

and its progeny. Those cases stand for the proposition that returns and return information should generally be treated as confidential and not subject to disclosure except where plaintiff can show entitlement under certain limited circumstances. The IRS alleges that the plaintiff has not made the requisite showing of entitlement and thus the documents were properly withheld.

The court makes no ruling on defendants' assertion that Section 6103 of the Internal Revenue Code is an independent nondisclosure statute which preempts the FOIA for the reason that the withheld information is exempt from disclosure pursuant to the FOIA itself.

## II. DISCLOSURE UNDER THE FOIA

### A. Exemption 3, 5 U.S.C. § 552(b)(3)

Exemption 3 protects from disclosure those documents and records which have been specifically prohibited from release under certain Federal anti-disclosure statutes. With respect to tax returns and tax return information, 26 U.S.C., Section 6103(a) mandates that absent proper authorization pursuant to one of the other subsections of Section 6103, "[r]eturns and return information shall be confidential." It is clear from the plaintiff's description of the documents requested, the defendant's "Vaughn" Index and accompanying affidavit of William S. Garofalo and the Court's in camera inspection of a sample group of documents that the instant documents contain third-party tax return information. Further, no proper authorization from the third parties has been alleged or established as a fact by the plaintiff. It is therefore the conclusion of the court that the 63 Indexed documents and any documents in the New Orleans District pertaining to any of the nine entities referred to in plaintiff's request are exempt from disclosure pursuant to FOIA Exemption 3. *Chamberlain v. Kurtz*, 589 F.2d 827 (5th Cir.), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). Accord, *Breuhaus v. Internal Revenue Service*, 609 F.2d 80, 82 (2nd Cir. 1979); *Freuhauf Corp. v. Internal Revenue Ser-*

*vice,* 566 F.2d 574, 578 n.6 (6th Cir. 1977); *Stephenson v. Internal Revenue Service,* Civil No. C78–1071A (N.D.Ga. Sept. 17, 1981).

### B.  Exemption 7(C)

■ The names of IRS employees are exempt from disclosure pursuant to FOIA exemption 7(C).  It is clear from the Garofalo affidavit and *"Vaughn"* Index and the court's in camera inspection of a sample of nine of the withheld documents at issue, that the documents from which the defendant has deleted the names of its various employees, consist of documents prepared by the IRS in connection with potential violations of the Internal Revenue Code and, therefore, fit within the statutory definition of "investigatory records compiled for law enforcement purposes."  5 U.S.C., Section 552(b)(7).  *Williams v. Internal Revenue Service,* 479 F.2d 317, 318 (3rd Cir.) (per curiam), cert. denied, 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973); *Steinberg v. Internal Revenue Service,* 463 F.Supp. 1272 (D.Fla.1979); *Luzaich v. Internal Revenue Service,* 435 F.Supp. 31 (D.Minn.), aff'd. 564 F.2d 101 (8th Cir. 1977).

■ With respect to the second portion of Exemption 7(C), the court concludes that disclosure could potentially subject the individuals to annoyance or harassment.  There is no public benefit or interest to be served by disclosing the names of the individuals who created the documents, received them or were referred to in them.  Thus, the court concludes that the names of the various IRS personnel referred to in the documents at issue have been properly withheld from the plaintiff.  *Nix v. United States,* 572 F.2d 998 (4th Cir. 1978); *Baez v. U. S. Dept. of Justice,* 647 F.2d 1328 (D.C.Cir. 1980); *Stauss v. Internal Revenue Service,* 516 F.Supp. 1218, 1222 (D.D.C.1981).

### C.  Exemption 5

■ Exemption 5 has been claimed for withholding portions of documents E–6, E–20, Co–3 and Co–4.  The withheld portions of each of these documents has been sub-mitted to the court for in camera inspection and described in the *"Vaughn"* Index.  Document E–6 is a two-page memorandum from New Orleans District Counsel's Office giving legal advice regarding an administrative proceeding against a specific third-party taxpayer.  As such, the memorandum is clearly the type of document which is exempted from disclosure under the attorney-client privilege as it has been incorporated into the FOIA.  *Mead Data Central, Inc. v. United States Department of Air Force,* 566 F.2d 242 (D.C.Cir.1977).  In the alternative the court also finds this document to be exempt from disclosure pursuant to the work product doctrine as that doctrine has been incorporated into FOIA Exemption 5.  *National Labor Relations Board v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1974); *Kent Corp. v. NLRB,* 530 F.2d 612 (5th Cir. 1976), cert. denied, 429 U.S. 420, 97 S.Ct. 316, 50 L.Ed.2d 287 (1978).

■ The court has also examined documents E–20, Co–3 and Co–4 in camera and finds that they are the type of document contemplated by the governmental privilege as incorporated into Exemption 5.  *Mead Data Central, Inc. v. United States Dept. of Air Force,* 566 F.2d 242 (D.C.Cir. 1977).  The withheld portion of document E–20 consists of a draft memorandum circulated by a line superior and the subordinate's recommendations for modifying the draft.  The portion of document Co–3 withheld is a suggestion from a subordinate as to a new policy.  The portions of document Co–4 withheld is a suggestion regarding legislative policy from the Internal Revenue Service to the Department of the Treasury.  It is clear that the materials being withheld from plaintiff are deliberative materials which should not be disclosed.  An agency should not be forced to "operate in a fishbowl" because this will deter the free flow of ideas and proposals within an agency.  *Pies v. Internal Revenue Service,* 668 F.2d 1350 (D.C.Cir.1981); *Mead Data Central v. U. S. Dept. of Air Force,* 566 F.2d 242 (D.C.Cir.1977).

### D. Exemption 2

■ Documents E–17 and E–19 have been inspected by the Court in camera, described in the "*Vaughn*" Index and described in the Gibb and Starkey Affidavits submitted in connection with the instant motion. The withheld portion of Document E–17 consists of the criteria employed by the IRS's Criminal Investigation Division for selecting persons for criminal prosecution. The withheld portions of E–19 consists of the criteria used by the IRS's Collection Division for employing different collection strategies against delinquent taxpayers. In both cases the release of the withheld materials would significantly impede law enforcement and risk the circumvention of the tax laws. Therefore, both have properly been withheld from plaintiff. *Sladek v. Bensinger*, 605 F.2d 899 (5th Cir. 1979); *Cox v. Levi*, (Cox II), 592 F.2d 460 (8th Cir. 1979); *Cox v. Dept. of Justice* (Cox I), 576 F.2d 1302 (8th Cir. 1978).

### III. JURISDICTION OVER JACK CHI-VATERO

■ Jack Chivatero, District Director of the IRS in New Orleans, has been improperly joined as a party. The FOIA provides a specific grant of federal jurisdiction over agencies of the Federal government in 5 U.S.C., Section 552(a)(4)(B). This section provides no basis, however, for jurisdiction over individual employees of the Internal Revenue Service. *Weberman v. National Sec. Agency*, 490 F.Supp. 9 (S.D.N.Y.1980); *Providence Journal Co. v. FBI*, 460 F.Supp. 778 (D.R.I.1978); *Ott v. Levi*, 419 F.Supp. 750 (E.D.Mo.1976). Therefore, the court finds that Jack Chivatero, District Director of the IRS in New Orleans was improperly joined as a party.

For the above and foregoing reasons, the court finds that defendants' Motion for Summary Judgment should be, and hereby is, GRANTED.