Edward J. PETRUS, M.D.,
Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary of
Health & Human Services, et al.,
Defendants–Appellees.

No. 87–1234
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 1987.

12. *RTE,* 84 Wis.2d 105, 267 N.W.2d at 233.

Edward J. Petrus, M.D. pro se.

Helen M. Eversberg, U.S. Atty., San Antonio, Tex., Katherine L. Smith, Asst. U.S. Atty., Austin, Tex., Charlene M. DeBolt Seifert, Atty., Office of Gen. Counsel, Dallas, Tex., for defendants-appellees.

Before CLARK, Chief Judge, and RUBIN, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency. Because this suit, which invokes both Acts, was filed only against individual officers of the agencies whose records are sought and does not name the agencies themselves as defendants, we affirm the district court judgment dismissing the action with prejudice as to the named defendants under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the plaintiff failed to state a claim for which relief may be granted, but we remand the case so that the plaintiff may be given an opportunity to amend so as to name the proper defendant if he chooses to do so.

Edward J. Petrus, proceeding *pro se,* filed a complaint in federal district court against six named individuals. The complaint characterized the action as one to require the disclosure and production of records, documents, and information pursuant to the Freedom of Information Act[1] and the Privacy Act.[2] The individuals named as defendants include the Secretary of the United States Department of Health and Human Services, three other officials or former officials of HHS, a former Medicare official, and an FBI official. Petrus later amended his complaint to include an additional HHS official as a defendant. Neither the original complaint nor any amendment names HHS, the FBI, or the Department of Justice as a defendant.

Both FOIA and the Privacy Act give the federal district courts jurisdiction over certain actions against *agencies.*[3] Both FOIA and the Privacy Act define "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government ..., or any independent regulatory agency."[4]

Several district courts have held that individual officers of federal agencies are not proper parties to a FOIA action.[5] The Seventh and Tenth Circuits have held that

---

1. 5 U.S.C. § 552 (1982 & Supp. III 1985).
2. 5 U.S.C. § 552a (1982 & Supp. III 1985).
3. *See* 5 U.S.C. § 552(a)(4)(B) (1982) (FOIA); 5 U.S.C. § 552a(g)(1) (1982) (Privacy Act).
4. 5 U.S.C. § 552(e) (1982); 5 U.S.C. § 552a(a)(1) (1982).
5. *See, e.g., Savoie v. Internal Revenue Serv.,* 544 F.Supp. 662, 667 (W.D.La.1982); *Times Newspapers of Great Britain, Inc. v. Central Intelligence Agency,* 539 F.Supp. 678, 685–86 (S.D.N.Y.1982); *Gary Energy Corp. v. United States Dep't of Energy,* 89 F.R.D. 675, 677 (D.Colo.1981); *Canadian Javelin, Ltd. v. Securities and Exchange Comm'n,* 501 F.Supp. 898, 904 (D.D.C.1980); *but see Ott v. Levi,* 419 F.Supp. 750, 751–52 (E.D.Mo. 1976).

individual agency officers or employees are not proper parties to a Privacy Act action.[6]

We find the reasoning of these opinions persuasive. The plain language of the statute authorizes actions against agencies, and it was not error for the district court to limit the statutory cause of action to its terms.

■■■ Petrus also contends that the district court erred in granting the defendants' motion for a protective order to stay discovery, then in granting the defendants' motion for summary judgment while his interrogatories remained unanswered. A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.[7] Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action.

■■■ We hold, however, that Petrus should be given an opportunity to amend his complaint to name one or more agencies as defendants, should he choose to do so.[8] If he seeks and obtains injunctive relief against an agency, the order directed at the agency will bind the agency's head and its agents notwithstanding the fact that these individuals are not themselves proper parties to the action.

For this reason, we affirm the dismissal as to the named defendants but remand the case to the district court so that Petrus may, if he chooses to do so, file a motion to amend his complaint. The district court may allow him a reasonable time within which to do so, failing which it may dismiss the complaint.

The judgment is affirmed and the case is remanded for further proceedings consistent with this opinion. The costs of the appeal, however, are not to be taxed to the appellee.

---

6. *Brown–Bey v. United States*, 720 F.2d 467, 469 (7th Cir.1983); *Parks v. United States Internal Revenue Serv.*, 618 F.2d 677, 684 (10th Cir. 1980).

7. *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Scroggins v.* *Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976).

8. *See Wilger v. Department of Pensions & Sec.*, 593 F.2d 12 (5th Cir.1979); *see also Berndt v. Tennessee*, 796 F.2d 879, 882–83 (6th Cir.1986).