16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Rufus A. AVERHART, also known as Zolo Agona Azania,
Plaintiff/Appellant,
v.
John T. SHETTLE, et al., Defendants/Appellees.
 No. 93-1405.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1994.*
Decided Feb. 18, 1994.
Rehearing Denied April 6, 1994.
 
 Before BAUER, ESCHBACH and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Rufus Averhart is an inmate at the Indiana State Prison in Michigan City, Indiana. He filed a pro se complaint under 42 U.S.C. Sec. 1983, alleging: (1) the double-celling and overcrowded conditions of the death row section of the prison violated the Eighth and Fourteenth Amendments; (2) correctional officers confiscated five packs of cigarettes from him without due process of law; and (3) correctional officers searched his cell and confiscated most of his personal property including religious and political literature, letters, and cosmetics, without due process of law. The defendants, various employees of the Indiana Department of Corrections, moved to dismiss Averhart's complaint for failure to state a claim. See Fed.R.Civ.P. 12(b)(6).
 
 
 2
 The district court consolidated Averhart's double-celling and overcrowding claims with those in the then-pending cases of Smith v. Shettle, No. S 82-526, and Lowery v. Duckworth, No. S 82-152, and dismissed the remaining claims. The court also allowed Averhart until April 3, 1989, to file an amended complaint. Averhart did not file an amended complaint but instead filed a notice of appeal. This court dismissed the case for want of jurisdiction. See Averhart v. Shettle, No. 89-1320 (7th Cir. Mar. 24, 1990). On April 4, 1989, the district court entered judgment for the defendants, and Averhart filed a timely notice of appeal. This court remanded the case to the district court for clarification whether the judgment of April 4, 1989, was final and appealable: The language of the district court's order suggested that the judgment was final with respect to the confiscation of property claims and the claim against the adjustment board, but not with respect to the overcrowding and double-celling claims, since those claims had been consolidated with the pending cases of Smith and Lowery. See Averhart v. Shettle, No. 89-1766 (7th Cir. Apr. 26, 1990).
 
 
 3
 Smith and Lowery are no longer pending. The cases were settled on September 3, 1992. The settlement resolved the overcrowding and double-celling claims. The effect of the settlement, combined with the April 4, 1989, dismissal of Averhart's claims concerning the confiscation of his property, was to resolve all of Averhart's claims. Therefore, had Averhart filed a notice of appeal within thirty days after September 3, 1992, see Fed.R.App.P. 4(a)(1), we would have had jurisdiction to consider his appeal. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978) (per curiam). Although Averhart did not file a notice of appeal until February 12, 1993, we have appellate jurisdiction. After the settlement the parties and the district court were unsure whether all of Averhart's claims had been resolved. The court ordered the parties to apprise it of the unresolved claims, and the parties responded by informing the court (incorrectly) that the claims concerning the confiscation of Averhart's property remained unresolved. On December 4, 1992, the court issued an order "reinstating" the dismissal of those claims. (Of course, there was no need to reinstate the dismissal since it had never been vacated.) As a result, the court did not enter its final judgment on a separate document as required by Federal Rule of Civil Procedure 58 until December 18, 1992. The "sole purpose" of Rule 58's separate document requirement is to fix the point at which the time for appeal begins to run. Id. at 384. Thus in this case Federal Rule of Appellate Procedure 4(a)(1)'s thirty-day period to file a notice of appeal did not begin to run until the day after the Rule 58 judgment was entered. See Williams v. Burlington N., Inc., 832 F.2d 100, 102 (7th Cir.1987), cert. denied, 485 U.S. 991 (1988). This period was tolled when, within ten days after entry of the judgment, Averhart filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Fed.R.App.P. 4(a)(4); Ball v. City of Chicago, 2 F.2d 752, 760 (7th Cir.1993). Averhart had thirty days after February 8, 1992, the day on which the court denied his motion for reconsideration, to file a notice of appeal. Fed.R.App.P. 4(a)(4). He satisfied this requirement, so we have jurisdiction.
 
 
 4
 Averhart's first two contentions concern the claims that were consolidated with Smith and Lowery. Averhart maintains that his claims of double-celling and overcrowding on death row were not resolved in the consolidated cases because the claims were dropped before the cases were settled. Averhart is wrong. The trial brief submitted to the court in the consolidated cases only two weeks before the settlement discusses overcrowding and double-celling at length. The settlement agreement directly confronts double-celling and overcrowding. Under the terms of the settlement agreement the prison is to employ double-celling "only as a last resort," and is obligated to take measures such as increasing out-of-cell time for recreation and availability of religious services to alleviate overcrowding inside the cells.
 
 
 5
 The State of Indiana did not, in settling the consolidated cases, agree to pay monetary damages to inmates who were affected by overcrowding and double-celling. Averhart asserts that he is entitled to pursue his personal claims for monetary damages against the defendants in their official capacities to compensate him for personal injuries he allegedly suffered as a result of overcrowding and double-celling. Again, Averhart is incorrect. A suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office. Brandon v. Holt, 469 U.S. 464 (1985). As such, it is no different from a suit against the state itself. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The doctrine of sovereign immunity, as embodied in the Eleventh Amendment, bars Averhart from collecting monetary damages from the State of Indiana absent an express waiver of immunity, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989), and no such waiver exists here.
 
 
 6
 Averhart also argues that he should be allowed to pursue his personal claims against the defendants insofar as he seeks a declaratory judgment that overcrowding and double-celling are unconstitutional acts because he was not represented in the consolidated cases by Professor Thomas Broden, the attorney who represented the inmates in the consolidated cases. The record indicates otherwise. Professor Broden entered an appearance for Averhart in the district court on September 3, 1992. Nothing in the record indicates that Averhart objected to being represented by Professor Broden at that time. In fact, Averhart did not object to Professor Broden's representation of him until he realized that he did not stand to receive monetary damages under the terms of the settlement agreement.
 
 
 7
 We turn to Averhart's challenges to the dismissal of the balance of his complaint for failure to state a claim. Our standard of review is de novo. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993). We will affirm the dismissal only if Averhart has failed to allege any set of facts upon which relief may be granted. Id. We assume all well-pleaded factual allegations are true and draw all reasonable inferences in favor of Averhart. Dowlatshahi v. Motorola, Inc., 970 F.2d 289, 290 (7th Cir.1992).
 
 
 8
 Averhart alleges that he was deprived of his personal property without due process of law because, while he was confined in the prison's detention unit, the defendants confiscated his cigarettes, literature, and toiletries. The property was returned to him after he was released from detention. A person seeking to assert a protected interest in property must "establish a legitimate claim of entitlement" to the property. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Because the Constitution does not create property interests, Averhart must identify a state statute or regulation that creates the entitlement. Castaneda v. Hanman, 914 F.2d 981, 983 (7th Cir.1990), cert. denied, 498 U.S. 1124 (1991). Averhart does not identify, and we have not found, a statute or regulation that would entitle a prisoner to personal property while confined in detention. As such, Averhart fails to state a claim against the defendants under the Due Process Clause.[1]
 
 
 9
 Finally, Averhart argues that the district court improperly denied him the opportunity to conduct discovery. A district court has wide latitude in controlling discovery, see Fed.R.Civ.P. 26(b), and therefore its decision not to allow discovery during the pendency of a motion to dismiss will not be disturbed in the absence of an abuse of discretion. See Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir.1987); Transunion Corp. v. Pepsico, Inc., 811 F.2d 127, 130 (2d Cir.1987). The district court did not abuse its discretion here. All discovery necessary to the prosecution of the overcrowding and double-celling claims was conducted by able counsel for the plaintiff's in the consolidated cases; and we are satisfied that nothing Averhart could have obtained through discovery would have prevented the dismissal of the remaining claims.
 
 
 10
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Averhart also purports to state a claim against the defendants grounded on the First Amendment. Averhart's allegation that religious and political literature was included in the property the defendants took from him is insufficient to state a claim that, in seizing Averhart's property, the defendants ran afoul of the First Amendment