IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10626
Summary Calendar
_____

NEIL JACOBS,

Plaintiff-Appellant,

versus

JANET RENO, Attorney General of
theUnited States of America,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:97-CV-2698

_____

January 20, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

The plaintiff, Neil Jacobs, the assistant district director
for investigations for the Dallas District of the Immigration and
Naturalization Service ("INS"), appeals the district court's entry
of summary judgment in favor of the defendant, Janet Reno, with
respect to his claim under the Privacy Act codified at 5 U.S.C.
§ 552a(e)(2).[1]   The plaintiff argues that the INS Office of

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]The Privacy Act provides in relevant part:

(e)Agency requirements.--Each agency that maintains a
system of records shall--
.    .    .

Internal Audit ("OIA"), when investigating claims of misconduct made both by and against the plaintiff, did not attempt to collect as much information as possible from the plaintiff before consulting with third parties, as required by the Privacy Act. Thus, the plaintiff argues, the district court erred in holding that the actions of the OIA as a matter of law did not violate the rights afforded to the plaintiff by the Privacy Act.

On appeal, the defendant's brief raised for the first time the issue of whether the Privacy Act provided the plaintiff with a cause of action against the defendant in her individual capacity. Following receipt of the defendant's appellate brief, the plaintiff, apparently conceding the validity of the defendant's contention, filed a motion with our court, purportedly under Rule 15 of the Federal Rules of Civil Procedure, for leave to amend his pleadings to substitute as the defendant the "Department of Justice, United States of America" in the place of "Janet Reno."

In Petrus v. Bowen, 833 F.2d 581, 582 (5th Cir. 1987), and Connelly v. Comptroller of the Currency, 876 F.2d 1209, 1215 (5th Cir. 1989), we held that the Privacy Act does not create a cause of action against individual employees of a federal agency in their

---

> (2) collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs.

5 U.S.C. § 552a(e) (West 1999).

individual capacity.  Rather, we held, the Act provides a cause of action against only the "agency."  Id.  Thus, because the Privacy Act does not provide the plaintiff a cause of action against the defendant, she is entitled to summary judgment on this claim as a matter of law.

Turning to the plaintiff's motion for leave to amend his pleadings, we think that even assuming we have the authority to consider such a motion,[2] leave of court to amend should not be granted because such an amendment would prove futile.  As the district court correctly noted, because of the nature of many of

_____

[2]See 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1489 (1990), calling into question an appellate court's authority to grant a motion to amend the pleading, stating:

> Although Rule 15(a) vests the district judge with virtually unlimited discretion to allow amendments by stating that leave to amend may be granted when 'justice so requires,' there is a question concerning the extent of this power once a judgment has been entered or an appeal has been taken.  Most courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Federal Rule of Civil Procedure 59 or 60. . . . This approach appears sound.  To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation. Furthermore, the draftsmen of the rules included Rules 59(e) and 60(b) specifically to provide a mechanism for those situations in which relief must be obtained after judgment and the broad amendment policy of Rule 15(a) should not be construed in a manner that would render those provisions meaningless.

See also, Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 n.1 (5th Cir. 1981)(citing with approval section 1489 of Wright & Miller's Federal Practice and Procedure).

the claims of misconduct alleged both by and against the plaintiff, it would have been impractical for the OIA to have started its investigation by interviewing the plaintiff. The plaintiff was both a charging party and an accused in several alleged instances of intimidation, fabrication of claims of misconduct, and retaliatory conduct. Consequently, as a result of the nature of the claims of misconduct, if the OIA had gone initially to the plaintiff to investigate these claims, the investigation may have been materially hampered. Furthermore, the working conditions may have further deteriorated, creating an even more hostile work environment. Thus, because the investigatory techniques utilized by the OIA to investigate the claims of misconduct were reasonable in the light of the nature of the allegations, its actions were reasonable and did not run afoul of the plaintiff's rights as defined by the Privacy Act. See 5 C.F.R. § 293.104(a) (1999); Hudson v. Reno, 130 F.3d 1193, 1205 (6th Cir. 1997)(stating because the record indicated that the plaintiff was suspected of making false statements and intimidating and threatening people, "practical considerations demonstrated that [the investigator] did not violate the Privacy Act when he interviewed others before interviewing [the plaintiff]"). Consequently, regardless of who the plaintiff names as a defendant, in a suit based upon these facts, no valid cause of action lies under the Privacy Act. As such, the granting of the plaintiff's motion for leave of court to

4

amend his pleadings would be futile because his claim clearly lacks merit.

In sum, the judgment of the district court granting the defendant's motion for summary judgment is

A F F I R M E D.[3]

---

[3]The plaintiff's motion for leave of court to amend his pleadings is DENIED.