# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2021

Lyle W. Cayce
Clerk

No. 19-10904

Jason Levon Simmons,

*Plaintiff—Appellant*,

*versus*

Ray Jackson, Attorney; Texas Medical Board; Bianca San Miguel, *as executrix of the Estate of Oscar San Miguel, substituted in place and stead of* Oscar San Miguel, *deceased*; Barbara Jordan,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-1700

Before Elrod, Southwick, and Costa, *Circuit Judges*.

Per Curiam:*

After a series of amended complaints, Jason Simmons alleged claims of RICO conspiracy, civil conspiracy, and breach of contract against his former attorneys Ray Jackson and Oscar San Miguel, the Texas Medical

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Board, Methodist Hospital of Dallas, and Barbara Jordan, an attorney for the hospital. The district court dismissed the claims against Jackson, the Board, the Hospital, and Jordan. The district court then granted summary judgment to San Miguel and entered final judgment as to all parties and claims. Simmons timely appealed. *See* Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e).

Simmons asserts seven challenges to the district court's orders— none of his challenges has merit. First, Simmons contends that the district court failed to liberally construe his *pro se* pleadings, but there is no support in the record for this conclusory assertion. *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

Second, the district court did not abuse its discretion in denying Simmons's motion to file a post-judgment affidavit merely to correct a clerical error. *See Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991).

Third, the district court implicitly denied Simmons's Rule 60(b) motion when it said that it had already denied the motion, declared that "there is no Rule 60 motion pending," and denied Simmons's motion for a hearing on the issue. On appeal, Simmons has not shown that the denial was "unwarranted," let alone "so unwarranted as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).

Fourth, the district court correctly dismissed Simmons's complaints against the Hospital and Jackson under Rule 12(b)(6).[1]  *See* Fed. R. Civ. P. 12(b)(6); *Sahara Health Care, Inc. v. Azar*, 975 F.3d 523, 528 (5th Cir. 2020).

Fifth, the district court did not abuse its discretion by staying discovery pending resolution of Jordan's Rule 12(b)(6) motion to dismiss. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Sixth, the district court did not abuse its discretion by denying Simmons's motion to file a fifth amended complaint alleging a new transaction. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Finally, Rule 52(b) motions are meant to "correct manifest errors of law or fact." *Fontenot v. Mesa Petrol. Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986); *accord* Fed. R. Civ. P. 52(b).  The district court did not abuse its discretion by declining to amend its judgment with additional factual findings.  *See Fontenot*, 791 F.2d at 1219.

The judgment of the district court is AFFIRMED.

---

[1] A prior motions panel of this court dismissed both the Hospital and Jackson from this appeal.  To the extent that the district court's Rule 12(b)(6) dismissals of the Hospital and Jackson are now before us, we affirm the district court's orders.