# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 98-3110EM

————————

| | | |
|---|---|---|
| James E. Darst, | * | |
| | * | |
| Appellant. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

————————

Submitted: March 8, 1999

Filed:    April 12, 1999

————————

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and STROM,* District Judge.

————————

STROM, District Judge.

James Darst appeals from the district court's[1] grant of summary judgment in favor of the Social Security Administration on his Privacy Act claim. After careful

————————

* The Honorable Lyle E. Strom, Senior Judge, District of Nebraska, sitting by designation.

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

review of the record and the parties' briefs, we affirm the decision of the district court.

## I.

Appellant James Darst is a former Administrative Law Judge in the Social Security Administration (SSA) Office of Hearing and Appeals in Creve Coeur, Missouri. He filed suit alleging that the SSA violated the Privacy Act, 5 U.S.C. § 552a(e)(2), when, during an internal investigation into certain alleged ethics violations by Darst, it reviewed documents in his application for Medicare coverage file, without first obtaining information directly from him.

The events which gave rise to this suit began on April 4, 1995, when Darst applied for Medicare insurance coverage. Darst stated that he was born on June 17, 1930, but failed to provide a certified copy of his birth certificate. On two occasions, the SSA advised him that it needed a certified copy of his birth certificate rather than the photocopy he provided. On May 18, 1995, the SSA advised Darst that his application was denied because he did not submit proof that he was at least sixty-two years of age. On June 21, 1995, Darst filed a Request for Reconsideration, stating that the decision was incorrect and that he had no other proof to offer. This Request was denied on December 13, 1995. He requested further review, and on March 19, 1996, Darst was advised that upon an independent review, the SSA found their first decision was correct. Six days later, on March 25, 1996, Darst filed, in the Creve Coeur hearing office, a "Request for Hearing by Administrative Law Judge" and executed a "Waiver of Written Notice of Hearing." On that same day, ALJ Myron

Mills, one of Darst's colleagues, held a hearing and issued a decision awarding Darst Medicare benefits. In his decision, ALJ Mills stated that Darst had entered as an exhibit the original of his birth certificate with raised seal.

This sequence of events resulted in an investigation into possible ethics violations by Darst and ALJ Mills because of the appearance of impropriety and of preferential treatment. This investigation was conducted by Mr. Robert L. Welch, a Social Security Program Specialist in the SSA Regional Office of Region VII, and consisted of a review of the SSA files dealing with Darst's application for Medicare coverage, including the tape recording of the hearing held March 25th by ALJ Mills. Welch did not interview any witnesses. Eventually the information he developed was forwarded to Chief Administrative Law Judge Boyer. After consultation with the Office of Special Counsel, Boyer issued letters counseling Darst and Mills about the appearance of impropriety of holding Darst's hearing the same day it was requested and of giving Darst's claim priority over other claimants. The SSA asserts that these letters were not placed in the official personnel files of Darst or Mills, and that no action was taken on the basis of these letters. Darst does not dispute these assertions, but claims that the review of his application for coverage file violated the Privacy Act and the subsequent counseling letter caused damage to his personal and professional reputation as well as mental and emotion distress.

II.

Our review of the district court's grant of summary judgment is de novo. Lindstedt v. Missouri Libertarian Party, 160 F.3d 1197, 1198 (8th Cir. 1998). On

3

appeal, Darst contends that in granting summary judgment to the Social Security Administration, the district court erred in concluding (1) that the defendant's failure to interview Darst or otherwise afford him an opportunity to give a statement constituted failure to comply with § 552a(e)(2); and (2) that the Privacy Act does not require the agency to collect information directly from an individual in all circumstances.

The Privacy Act supports "the principle that an individual should to the greatest extent possible be in control of information about him which is given to the government." Waters v. Thornburgh, 888 F.2d 870, 875 (D.C.Cir. 1989). The language of the Act relied upon by Darst provides that

> Each agency that maintains a system of records shall - collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs.

5 U.S.C. § 552a(e)(2). In order to obtain relief under section § 552a(e)(2) of the Privacy Act, the plaintiff must show that (1) the Social Security Administration failed to collect information to the greatest extent practicable directly from the plaintiff, (2) the violation had an adverse effect on the plaintiff, and (3) the defendant acted in an intentional or willful manner. Waters, 888 F.2d at 872; Hudson v. Reno, 130 F.3d 1193, 1204-5 (6th Cir. 1997).

The SSA acknowledged at oral argument that it was an agency subject to

4

§ 552a(e)(2). However, the SSA disputes that it "collected" any information which violated § 552a(e)(2) because in conducting its ethics investigation, it merely reviewed Darst's application for coverage and other such documents in Darst's application file. The Court was not cited to, nor did we find any case addressing whether a "collection" occurs when the agency reviews its own files. The cases generally involve situations where the agency seeks information about a particular employee from third parties. For example, in Waters, supra, the agency contacted the Pennsylvania Board of Bar Examiners to determine if its employee was lying about needing time off work to take the bar exam. In Brune v. IRS, 861 F.2d 1284 (D.C.Cir. 1988), the agency interviewed taxpayers to gather information concerning whether one of its agents made false statements. In Olivares v. National Aeronautics and Space Admin., 882 F.Supp. 1545 (D.Mary. 1995), aff'd by 103 F.3d 119 (4th Cir. 1996), the agency contacted the universities which an employee formerly attended to confirm he studied there. In Hudson v. Reno, 130 F.3d 1193 (6th Cir. 1997), while conducting an investigation into allegations of an employee's misconduct, the agency interviewed approximately thirty people about the employee's misconduct before interviewing the employee. In contrast to these cases, Darst's situation merely involved a review of the agency's file relating to his application for coverage. The SSA did not contact third party sources to gather information. The indications of impropriety were apparent from the face of the documents and from the sequence of events in the application file which revealed that the hearing was held on the same day and in the hearing office where Darst worked. For these reasons, there was no need to interview Darst about the sequence of events. As the district court noted, the Privacy Act does not require that the information be collected directly from the individual in all circumstances. The Act merely requires that the agency do so "to the

5

greatest extent practicable." The District of Columbia Circuit Court of Appeals' ruling in <u>Brune</u> noted that the statements under investigation which were made by an IRS agent had already provided the government with the agent's version of the facts. <u>Brune</u>, 861 F.2d at 1287. Under these circumstances, the court found that it was not necessary to contact the agent first before interviewing third parties. Here the information in the application for coverage file obviated the need to interview Darst or third persons. The data on the documents themselves was sufficient to create the appearance of impropriety and the appearance of preferential treatment.

We find the conduct of the agency does not constitute a violation of the Privacy Act § 552a(e)(2). Because we find that SSA did not violate § 552a(e)(2) in collecting the information it did, the Court need not address other issues which Darst raised in this appeal.

### III.

In summary, we conclude that the district court did not err in granting summary judgment to the Social Security Administration. The judgment of the district court is therefore affirmed.

RICHARD S. ARNOLD, Circuit Judge, concurs in the judgment.

A true copy.

6

ATTEST:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.