**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-50089
Summary Calendar

_____

IRA L. FRANK,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, Department of
Justice; JANET RENO, U.S. Attorney General,
United States of America,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-99-CV-132-FB)

_____

September 12, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ira L. Frank, an INS employee, appeals the summary judgment granted the Government in his action brought pursuant to the Privacy Act, 5 U.S.C. § 552a(e)(2). We conclude, based on our _de novo_ review of the record, that the district court did _not_ err in granting summary judgment. _See_ FED. R. CIV. P. 56.

As the result of an INS investigation, discussed _infra_, Frank

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was, *inter alia*, relocated. His administrative appeal is pending. The merits of the proceedings are *not* at issue here. Instead, the action at hand involves the Privacy Act.

The Government asserted in the district court, as well as on appeal, that Frank improperly named Attorney General Reno as a defendant, premised on the Privacy Act's *not* giving federal courts jurisdiction over individuals. Because the Government is correct, and because Frank has agreed with the Government, we need *not* address claims against the Attorney General. *See **Petrus v. Bowen***, 833 F.2d 581, 582 (5th Cir. 1987).

Frank contends that: the Government failed to obtain information directly from him to the greatest extent practicable because the investigator interviewed others *before* interviewing him; and OPM regulations required his being contacted first in the investigation. We agree with other courts that have addressed this issue that an investigator need *not* in all circumstances obtain information first from the subject of an investigation. *See, e.g.*, ***Darst v. Social Sec. Admin.***, 172 F.3d 1065, 1068 (8th Cir. 1999). Here, the investigation concerned allegations of misconduct involving sexually suggestive and inappropriate comments to subordinates by Frank. The nature and the circumstances of the alleged misconduct made it impracticable to interview Frank first; and the Government's investigatory methods in this case did *not* violate his rights under the Privacy Act. *See **Hudson v. Reno***, 130

2

F.3d 1193, 1204-05 (6th Cir. 1997), *cert. denied*, 525 U.S. 822 (1998); *Brune v. Internal Revenue Service*, 861 F.2d 1284, 1287-88 (D.C. Cir. 1988).

**AFFIRMED**